## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**CHRISTOPHER BRUCE MOOREHART**  **CASE NO. 6:24-CV-00168 SEC P**

**VERSUS**  **JUDGE DAVID C. JOSEPH**

**KIRK FRITH**  **MAGISTRATE JUDGE WHITEHURST**

### REPORT AND RECOMMENDATION

Plaintiff Christopher Moorehart filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, on February 5, 2024. Doc. 1. At that time, Moorehart was detained at the Vermilion Parish Jail in Abbeville, Louisiana.

On June 30, 2025, the Court received correspondence from the Vermilion Parish Sheriff's Office stating that Moorehart had been transferred to the Elayn Hunt Correctional Center. Doc. 23. Plaintiff has not informed the Court of a change of address. Moreover, according to Vinelink, plaintiff is no longer in custody. *See* https://vinelink.vineapps.com/search/.

Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." The plaintiff has never notified the Court of a change of address.

Therefore,

**IT IS RECOMMENDED** that the instant matter be DISMISSED in accordance with the provisions of LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 3rd day of November, 2025.

                                              **Carol B. Whitehurst**
                                              **United States Magistrate Judge**